691 A.2d 457

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Salvador Carlos SANTIAGO, Petitioner.**

**No. 0042 E.D. Miscellaneous Docket 1997.**

Supreme Court of Pennsylvania.

April 11, 1997

## *ORDER*

PER CURIAM.

AND NOW, this 11th day of April, 1997, the Emergency Motion for a Stay of Execution, Request for Briefing Schedule

and Full and Fair Appellate Review, and if necessary, Petition for Allowance of Appeal is herewith transferred to the Superior Court.

CASTILLE, J., files a dissenting statement.

CASTILLE, Justice, dissenting.

The legislature has determined in enacting 42 Pa.C.S. § 9546(d) that an order denying a petitioner relief under the Post Conviction Review Act in a matter in which the death penalty has been imposed "shall be reviewable only by petition for allowance of appeal to the Supreme Court." Notwithstanding section 9546(d), this Court is transferring this matter to the Superior Court because Rule 1112(a) of the Rules of Appellate Procedure only recognizes a petition for allowance of appeal as the mechanism for review of final orders of the Superior and Commonwealth Courts which are not reviewable under 42 Pa.C.S. § 723 (appeals as of right). Therefore, the Court has determined that before a petition for allowance of appeal can be filed with this Court, it must first be reviewed by the Superior Court. Such a transfer, however, disregards the clear mandate of 42 Pa.C.S. § 9546(d), which provides that petitions for allowance of appeal should be filed from the trial court's order.

Accordingly, I respectfully dissent.